```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

BRIAN SMALL,                    )
                                )
Petitioner,                     )
                                )    CAUSE NO. 3:14-CV-1991
         vs.                    )
                                )
SUPERINTENDENT,                 )
                                )
Respondent.                     )

## OPINION AND ORDER

This matter is before the Court on the: (1) 28 U.S.C. § 2254 Habeas Corpus Petition by a State Prisoner Challenging a Prison Disciplinary Proceeding, filed by Brian Small, a *pro se* prisoner, on October 22, 2014 (DE #1); and (2) Motion to Dismiss, filed by the respondent on January 7, 2015 (DE #7). For the reasons set forth below, the motion to dismiss (DE #7) is **GRANTED** and the petition (DE #1) is **DISMISSED as MOOT**.

BACKGROUND

Brian Small filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his loss of 90 days earned credit time and a demotion from credit class 1 to credit class 2. On July 2, 2014, in case number WCC 14-06-0621, a Disciplinary Hearing Body ("DHB") at Westville Correctional Facility found Small guilty of possession of a cellular telephone. In his petition, Small argues that he was never in possession of the cellular telephone. (DE #1.)

DISCUSSION

The respondent moves to dismiss, asserting that after the petition was filed, Appeal Review Officer Joel Lytle, reconsidered the case and has vacated the conviction and remanded for a new hearing before a different DHB. (DE #7; Ex. B.) Accordingly, the respondent argues that the petition is now moot. (*Id.*) Small has not responded to the motion to dismiss.

Because Small's disciplinary sanction has been vacated and the matter remanded for a new hearing, there is at present no punishment lengthening the duration of confinement for this court to review. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge disciplinary determination in habeas proceeding only when he has received punishment that lengthens the duration of confinement). In other words, there is no longer a live controversy and the case must be dismissed as moot. *See Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated."). If Small is dissatisfied with the outcome of the new disciplinary hearing, he can pursue his administrative remedies and, if necessary, seek relief in a new habeas petition.

CONCLUSION

For the reasons set forth above, the motion to dismiss (DE #7)

2

is **GRANTED** and the petition (DE #1) is **DISMISSED as MOOT**.

**DATED: February 11, 2015**            **/s/ RUDY LOZANO, Judge**
                                        **United States District Court**